UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN BRADD,

        Petitioner,

v.                                      CASE NO. 10-13800
                                            HONORABLE DENISE PAGE HOOD
WARDEN WALTON,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Adrian Bradd has moved for reconsideration of the Court's order and judgment summarily dismissing his habeas corpus petition, which was filed under 28 U.S.C. § 2241. The habeas petition alleged that the prosecution withheld exculpatory evidence at Petitioner's federal criminal trial and that Petitioner is actually innocent of the drug conspiracy for which he is imprisoned. The Court dismissed the habeas petition because a prisoner's challenge to a federal conviction normally must be made in a motion to vacate sentence under 28 U.S.C. § 2255, and even though Petitioner invoked the "savings clause" of § 2255,[1] his claim of actual innocence lacked merit.

---

[1] The "savings clause" of § 2255 reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Petitioner has moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend [a judgment] if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Petitioner is not relying on a clear error of law, newly discovered evidence, or an intervening change in controlling law. And reconsideration is not necessary to prevent manifest injustice because Petitioner merely disagrees with the Court's interpretation of statements made by Assistant United States Attorneys in Petitioner's criminal case. The motion for reconsideration [dkt. #11] is **DENIED**.

                                                s/Denise Page Hood
                                                United States District Judge

Dated:  September 30, 2011

I hereby certify that a copy of the foregoing document was served upon Adrain Bradd, #310662052, P.O. Box 33, Terre Haute, IN 47808 and  counsel of record on September 30, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager